UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-273 (SRN/FLN) |
| Plaintiff, | |
| v. | **AMENDED REPORT AND RECOMMENDATION** |
| Lachlan Scott McConnell, | |
| Defendant. | |

Linda Marks, Assistant United States Attorney, for Plaintiff.
Ryan Pacyga and Marie Pacyga for Defendant Lachlan Scott McConnell.

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 12, 2016, on Defendant Lachlan Scott McConnell's motion to dismiss or in the alternative for severance (ECF No. 673). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, the Court recommends that Defendant's motion be **DENIED**.

### I. FACTUAL BACKGROUND

On November 13, 2013, a Grand Jury returned an Indictment, charging Defendant Lachlan Scott McConnell with multiple counts of conspiracy, mail fraud, wire fraud, and unlawful distribution and dispensing of controlled substances. *See* Indictment, ECF No. 5. On April 19, 2016, McConnell was arrested in the Philippines on an outstanding warrant related to the 2013 Indictment. On June 1, 2016, McConnell was transported from the Philippines to the United States. Testimony at the November 9, 2016, suppression hearing established that during this time, Government agents seized multiple computers and external hard drives possessed by McConnell. On November 23, 2016, the Court held that production of this material is governed by Federal Rule of Criminal

Procedure 16, and set December 6, 2016, as the deadline for the Government to comply with its discovery obligations. *See* Order 4, ECF No. 668. At the December 12, 2016, hearing, McConnell represented that the Government produced the requested Rule 16 discovery between December 2, 2016, and December 8, 2016, with the exception of 213 documents that the Government maintains are classified. On December 10, 2016, the Government filed a notice of intent to invoke the Classified Information Procedures Act ("CIPA"). Gov't Notice, ECF No. 681. McConnell now moves to dismiss the Indictment or, in the alternative, for severance, for the Government's failure to produce discovery under Rule 16. Def.'s Mot. to Dismiss 1–2, ECF No. 673.

## II. CONCLUSIONS OF LAW

Rule 16(d) provides that:

> (2) Failure to Comply. If a party fails to comply with this rule, the court may:
> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstance.

Fed. R. Crim. P. 16(d)(2). The Court concludes that the Government has substantially complied with the November 23, 2016, Order, and its discovery obligations under Rule 16. Although the Government did not produce the entirety of requested discovery by December 6, 2016, the parties agree that the remainder of the requested discovery was prodcued by December 8, 2016, except the 213 purportedly classified documents. Under the circumstances, the Court finds that a two-day discovery delay does not warrant dismissal. *See United States v. DeCoteau*, 186 F.3d 1008, 1010 (8th Cir. 1999) (holding that a court must impose the least severe sanction upon the government for failure to comply with a court order). As to the 213 allegedly classified documents, McConnell may

move for the appropriate relief related to those documents under CIPA at a later date before the presiding judge. *See* 18 U.S.C. App. III. However, as is stands, the Court cannot find that McConnell is entitled to the relief sought in the instant motion.[1]

### III. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Lachlan Scott McConnell's motion to dismiss or in the alternative for severance (ECF No. 673) be **DENIED**.

DATED: December 13, 2016                                        *s/Franklin L. Noel*
                                                                                    FRANKLIN L. NOEL
                                                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 27, 2016**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by December 7, 2016 a complete transcript of the hearing.

---

[1] By this Report and Recommendation, the court does not intend to express any opinion on the question of whether any delay occasioned by the proceedings under CIPA might independently require a severance of Defendant McConnell's trial of that of his co-defendants.