UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Criminal No. 13-CR-273 (SRN/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| **Lachlan Scott McConnell (6),** | |
| Defendant. | |

_____

Linda L. Marks, Roger J. Gural, and Jacqueline Blaesi-Freed, U.S. Department of Justice, Consumer Protection Branch, P.O. Box 386, Washington, D.C. 20044, on behalf of Plaintiff

Ryan M. Pacyga and Marie Celine Pacyga, Pacyga and Associates, PA, 333 South Seventh Street, Suite 2850, Minneapolis, MN 55402, on behalf of Defendant

_____

SUSAN RICHARD NELSON, District Judge

This matter is before the undersigned United States District Judge on Defendant Lachlan Scott McConnell's Objections [Doc. No. 745] to Magistrate Judge Franklin L. Noel's December 21, 2016 Amended Report and Recommendation ("R&R") [Doc. No. 734] and December 13, 2016 Report and Recommendation [Doc. No. 709].[1] In the R&R, Magistrate Judge Noel denied Defendant's Motion to Dismiss the Indictment or in the

---

[1] Because the amended and original rulings on appeal are virtually identical, the Court refers to them collectively as "the R&R." Likewise, because the pagination is identical, the Court cites to a single ruling.

1

Alternative for Severance [Doc. No. 673].  For the reasons set forth herein, Defendant's Objections are overruled, the R&R is adopted, and Defendant's motion is denied.

## I.     BACKGROUND

In November 2013, the Government charged McConnell and ten other Defendants in an indictment alleging multiple counts of conspiracy, wire fraud, and unlawful distribution and dispensing of controlled substances.  (Indictment [Doc. No. 5].)  As recounted in the R&R, in April 2016, McConnell was arrested in the Philippines.  (R&R at 1.)  On June 1, 2016, McConnell was brought to the United States.  (Id.)  He appeared before this Court on June 2, 2016 and was subsequently released to a halfway house at that time [Doc. No. 539].

In one of McConnell's pretrial motions, he sought to compel the production of the following items of his property that had been held by the Government: (1) a Dell laptop computer; (2) an ASUS laptop computer; (3) two Seagate portable computer drives; (4) a Western Digital hard drive labeled "defective"; (4) a cell phone; and (5) a black flash drive.  (Def.'s Mot. to Compel Disc. of Def.'s Property [Doc. No. 586].)  The magistrate judge ordered the production of this material by December 6, 2016.  (Order of 11/23/16 at 5 [Doc. No. 668]; Hrg. Tr. at 334 [Doc. No. 644].)

In November 2016, the Government produced Defendant's cell phone, a DVD containing the report and content of the phone, and a password to access the DVD.  (Pacyga Aff. ¶ 5 [Doc. No. 674] (filed under seal).  Counsel for Defendant asserts that the DVD contains approximately 540 megabytes of information.  (Id.)  The Government

represents that on November 30, 2016, it made available to Defendant's counsel an imaged copy of the ASUS laptop. (Gov't's Opp'n to Def.'s Mot. to Compel at 2 [Doc. No. 682].) On December 6, 2016, the Government provided to defense counsel a hard drive containing forensic images of the Dell laptop and the two Seagate computer drives. (Id. at 3.) However, certain files, which were believed to be classified, were not provided to defense counsel. (Id.) Also on December 6, the Government delivered to defense counsel a hard drive containing mirror images of the Dell laptop and the two Seagate computer drives. (Id.) Defense counsel maintains that the hard drive contains at least six million documents. (Pacyga Aff. ¶ 2 [Doc. No. 674]) (filed under seal).

On December 7, 2016, McConnell filed the underlying motion for dismissal or severance, emphasizing the volume of the recently-produced discovery, "all of which the [G]overnment has had exclusive control over since at least June 1, 2016." (Def.'s Mot. at 1.) Defendant further contended that the Government had failed to produce the black flash drive and the defective Western Digital hard drive, as required by the Court. (Id.) Citing Fed. R. Crim. P. 16(d), McConnell argued that he had been prejudiced in his trial preparation due to the volume of discovery produced so close to trial. (Id. at 2.) Defendant also requested that the Court sanction the Government for its failure to comply with the Court's discovery order which required the production of discovery by December 6. (Id.) As to the form of sanction, McConnell requested the dismissal of the charges against him in the Indictment or severance of his case from the trial of his codefendants. (Id. )

The Government represents that on December 8, 2016, it provided to defense counsel the defective Western Digital hard drive, which McConnell acknowledged was inoperable when in his possession, and the black flash drive, which McConnell was not allowed to retain in the halfway house. (Gov't's Opp'n at 3.)

In the R&R, Magistrate Judge Noel determined that the Government had substantially complied with its discovery obligations under Rule 16. (R&R at 2.) As to the two-day discovery delay in producing the inoperable hard drive and the black flash drive, the magistrate judge found that under these circumstances, such a delay did not warrant dismissal. (Id.) The magistrate judge did not express an opinion on whether any delay occasioned by the possible need for proceedings under the Classified Information Procedures Act ("CIPA") might independently warrant severance of McConnell's trial. (Id. at 3, n.1.)

In his Objections, McConnell argues that the magistrate judge erred in: (1) failing to make findings concerning the impact of the Government's delay and the volume of discovery on the defense; and (2) recommending the denial of his motion for dismissal or severance for government misconduct. (Mem. Supp. Obj. at 2-5 [Doc. No. 745-1].)

## II. DISCUSSION

As McConnell himself observed in his underlying motion, "When a court sanctions the government in a criminal case for its failure to obey court orders, it must use the least severe sanction which will adequately punish the government and secure future compliance." United States v. DeCoteau, 186 F.3d 1008, 1010 (8th Cir. 1999) (quoting

4

United States v. Hastings, 126 F.3d 310, 317 (4th Cir. 1997)).  In making such a determination, "a court must weigh the reasons for the government's delay and whether it acted intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant; and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government."  Id.

As to Defendant's dispositive motion to dismiss the Indictment against him, the Court reviews de novo those portions of a magistrate judge's dispositive decision to which Defendant objects, as required by 28 U.S.C. § 636(b)(1), Fed. R. Crim. P. 59(b)(3), and Local Rule 72.2(b)(3).  For a defendant to obtain the dismissal of an indictment, the defendant "'must generally show both flagrant misconduct and substantial prejudice.'" United States v. Amaya, 750 F.3d 721, 727 (8th Cir. 2014) (quoting United States v. Tulk, 171 F.3d 596, 598 (8th Cir. 1999)).

Here, there is no evidence of bad faith or flagrant misconduct on the Government's part.  Rather, the record reflects that counsel for Defendant and the Government regularly communicated between June 8, 2016 through August 23, 2016 in a good faith effort to resolve discovery issues, offering explanations for the resulting discovery delays, for a variety of legitimate reasons.  (Exs. 1-5 to Pacyga Aff.) (filed under seal).  It also appears that the Government sent discovery to defense counsel on June 23, 27, and 28, 2016, in addition to the discovery that was produced in November and December 2016.  (Ex. 5 to Pacyga Aff.) (filed under seal).  The presence of potentially classified documents that McConnell maintained on his own electronic devices was the primary cause of delay

here. This occasioned the need for consultation with additional governmental entities, the application for security clearances, and the involvement of the Court, but it does not constitute bad faith on the part of the Government.

While the volume of discovery that provides the basis for the instant motion seems substantial, it appears that a large portion of the discovery was presented in duplicate form. (See Gov't's Opp'n at 3.) The Government also notes that a cursory review of the file index related to the ASUS laptop shows that many of the files are system files that are part of the computer's operating system. (Id.) Moreover, the overall content of the information should come as no surprise to Defendant, since it originated with him. Defendant is therefore in a position to know, in consultation with counsel, which materials are relevant to the charges against him. Under these circumstances, the Court finds no substantial prejudice to Defendant. The sanction of dismissal is not warranted.

McConnell's alternative argument for severance is considered a nondispositive motion. United States v. Morris, 12-CR-26(6) (JRT/JSM), 2012 WL 6194402, at *5 (D. Minn. Dec. 12, 2012) (citing United States v. Ortiz, No. 08–CR–231, 2011 WL 1344213, at *1 (E.D. Wis. Apr. 8, 2011)). A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999); see also United States v. Raddatz, 447 U.S. 667, 673 (1980). The Court will reverse such an order only if it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a); D. Minn. LR 72.2(a). However, this Court's ruling on Defendant's motion to sever would be the same

even under a de novo standard of review.

      Federal Rule of Criminal Procedure 14 provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trial, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "Judicial economy and legitimate public interests favor a joinder of all offenses against the accused." United States v. Dennis, 625 F.2d 782, 801 (8th Cir. 1980). Accordingly, if joinder is proper under Rule 8, a defendant seeking severance "has the heavy burden of demonstrating that a joint trial will impermissibly infringe his right to a fair trial." United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996). "[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro v. United States, 506 U.S. 534, 540 (1993) (citations omitted). Furthermore, "'[t]he preference for joint trials of defendants jointly indicted, particularly where conspiracy is charged, is not limited by any requirement that the quantum of evidence of each defendant's culpability be equal.'" United States v. Lewis, 557 F.3d 601, 610 (8th Cir. 2009) (quoting United States v. Jackson, 549 F.2d 517, 523 (8th Cir. 1977)).

    A defendant seeking to sever his trial must therefore show that a joint trial would cause "real prejudice." United States v. Mickelson, 378 F.3d 810, 817-18 (8th Cir. 2004). "Real prejudice" exists when "(a) [a defendant's] defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates

to the separate defendants." Id. at 818 (citations omitted).

In this case, alleging a conspiracy, the magistrate judge properly determined that McConnell failed to establish that a joint trial would cause real prejudice, as discussed above. Nothing before the Court suggests a defense that is irreconcilable with the other defendants in this case, nor that the jury will be unable to compartmentalize the evidence as to each defendant. McConnell's alternative argument for severance as was therefore appropriately denied.

In light of the foregoing, the Court agrees with the magistrate judge's finding that McConnell is not entitled to the relief sought in the instant motion. Accordingly, the R&R is adopted.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant Lachlan Scott McConnell's Objections [Doc. No. 745] to Magistrate Judge Franklin L. Noel's December 21, 2016 Amended Report and Recommendation and December 13, 2016 Report and Recommendation are **OVERRULED**;

2. Magistrate Judge Noels's December 21, 2016 Amended Report and Recommendation [Doc. No. 734] and December 13, 2016 Report and Recommendation [Doc. No. 709] are **ADOPTED**; and

3. Defendant Lachlan Scott McConnell's Motion to Dismiss the Indictment or in the Alternative for Severance [Doc. No. 673] is **DENIED**.

Dated:   January 11, 2017

>	s/Susan Richard Nelson
>	SUSAN RICHARD NELSON
>	United States District Court Judge