UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 13-00273 (SRN/FLN)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LACHLAN SCOTT MCCONNELL ) | |
| (6); ) | |
| ) | |
| Defendants. ) | |

Jacqueline Blaesi-Freed, Linda I. Marks, U.S. Department of Justice, Consumer Protection Branch, 450 5th St. NW, Ste. 6400, Washington, DC 20001, and Roger J. Gural, U.S. Department of Justice, Civil Division, P.O. Box 386, Washington, DC 20044, for the United States of America.

Marie Celine Pacyga and Ryan M. Pacyga, Pacyga and Associates, PA, 222 South Seventh St., Ste. 2850, Minneapolis, MN 55402, John Marti, Dorsey & Whitney LLP, 50 South Sixth St., Ste. 1500, Minneapolis, MN 55402 for Defendant Lachlan Scott McConnell.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Lachlan Scott McConnell's ("McConnell") request to make an ex parte proffer regarding the discoverability and usefulness of certain classified documents. (See Doc. Nos. 724, 746.[1]) For the reasons set forth below, McConnell's request is granted.

---

[1] McConnell's request was submitted via email to the Court and was not filed on CM/ECF. The documents cited above contain the minutes for the teleconferences wherein McConnell was instructed to submit this request via email.

During discovery in this matter, thirteen documents that contain classified materials (the "Classified Documents") were found in McConnell's possession. These documents cover a variety of subjects that span several decades and involve locations around the world. They contain several Power Point presentations and a few memoranda. Very few of the Classified Documents specifically identify McConnell as a recipient. The Government, by way of an email to the Court dated January 18, 2017, provided the following unclassified identifying information about the Classified Documents:

1. AFSOC Use of FalconView.pdf – a 10-slide deck (2001)

2. ANNEX 4 KILLING OF THE OTAZAs20151020_15250591.pdf – a 2-page memorandum with SECRET cover sheet dated October 20, 2015

3. CEXC THREAT BRIEF – a 51-slide deck

4. entry #1089349 – an email dated December 5, 2015

5. entry #69788385 – an email, with attachment, dated May 27, 2004

6. IAWG.BK! – a 3-page document (1989)

7. IAWG.J-3 – a 3-page document (1989)

8. ModifiedEOD[66186] – a 46-slide deck

9. REAL2 – a 3-page document

10. SAFE HAVENS 06Mar05.doc – an 11-page document (2006)

11. SMEB.WPF – a 2-page document

12. SOP.dot – a 16-page document

      13. Unclassified.doc – a 28-page document (2005) (considered CLASSIFIED)

According to the Classified Information Procedures Act ("CIPA"):

> The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

18 U.S.C. § APP. 3 § 4. The Federal Rules of Criminal Procedure similarly allow a court to, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P 16(d)(1). The Government in this matter previously requested that the Court consider the Classified Documents in camera and order that they not be produced to McConnell. The Court has made an in camera review of the Documents.

      Under CIPA, the Court must ultimately make three determinations. First, it must determine whether the Classified Documents are discoverable and privileged—that is, that they are relevant to the charges against McConnell, but that their production risks exposing state secrets. See United States v. Aref, 533 F.3d 72, 79 (2d Cir. 2008); United States v. Mostafa, 992 F. Supp. 2d 335, 337 (S.D.N.Y. 2014). Second, the Court must then determine whether the Classified Documents are "helpful or material to the defense, i.e., useful to counter the government's case or to bolster a defense." Aref, 533 F.3d at 80 (quotations omitted); see Mostafa, 992 F. Supp. 2d at 337–38. Third, assuming the Classified Documents are relevant and useful to McConnell's defense, the Court must "balance[e] the 'public interest in protecting the flow of information against the

individual's right to prepare his defense.'" Mostafa, 992 F. Supp. 2d at 338 (quoting Roviaro v. United States, 353 U.S. 53, 62 (1957)).

These determinations are generally made in camera due to the risk of exposing classified information in the process. See 18 U.S.C. § APP. 3 § 6(a) ("[T]he United States may request the court to conduct a hearing to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding. Upon such a request, the court shall conduct such a hearing. Any hearing held pursuant to this subsection . . . shall be held in camera if the Attorney General certifies to the court in such petition that a public proceeding may result in the disclosure of classified information."). However, parties are often allowed to make ex parte proffer—in the form of either hearings or submissions—arguing the discoverability, relevance, and usefulness of the classified materials. See, e.g., United States v. Amawi, 695 F.3d 457, 472 (6th Cir. 2012); Mostafa, 992 F. Supp. 2d at 338; United States v. Libby, 429 F. Supp. 2d 18, 21 (D.D.C.), opinion amended on reconsideration, 429 F. Supp. 2d 46 (D.D.C. 2006); United States v. Velentzas, No. 15 CR 213 (SJ), 2016 WL 4250304, at *2 (E.D.N.Y. Aug. 10, 2016).

McConnell requests the opportunity to make an ex parte proffer wherein he will provide details of his defense so that the Court can make an informed decision about the discoverability, relevance, and usefulness of the Classified Documents. The Government has not explicitly opposed this request. The Court will follow the example of the courts listed above and hold an ex parte hearing wherein McConnell may argue whether the Classified Documents are discoverable, relevant, and useful.

**ORDER:**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant McConnell's request for an ex parte hearing is **GRANTED** as follows:

    a. This hearing **will be held at 9:00 a.m. on Friday, January 27, 2017** in Courtroom 7B of the St. Paul federal courthouse;

    b. The hearing will be ex parte in that **the Government will not be present during Defendant McConnell's arguments**; and

    c. If the Government wishes to have its own ex parte hearing on this issue, it **must file a letter containing this request no later than January 19, 2017**.

Dated: January 18, 2017                               s/ Susan Richard Nelson
                                                                    SUSAN RICHARD NELSON
                                                                    United States District Judge